Argument for Respondent.

(December 14, 1911.)

## AMANDA CARRIE HORES, Respondent, v. JACOB HORES, Appellant.

[119 Pac. 876.]

DIVORCE—CORROBORATING TESTIMONY.

(Syllabus by the court.)

1. *Held,* under the evidence, that there is sufficient corroboration of the testimony of the plaintiff to sustain the findings of fact.

2. *Held,* that the court did not err in entering a decree in favor of the plaintiff.

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. W. W. Woods, Judge.

Action for divorce and to quiet title to certain property. Judgment for the plaintiff. *Affirmed.*

James A. Wayne, for Appellant.

"No divorce can be granted upon the default of the defendant, or upon the uncorroborated statement, admission or testimony of the parties." (Sec. 2661, Rev. Codes; *Strode v. Strode,* 6 Ida. 67, 96 Am. St. 249, 52 Pac. 161; *Bell v. Bell,* 15 Ida. 21, 96 Pac. 196.)

Walter H. Hanson, for Respondent.

While the corroborative evidence in some respects may be slight, taking it all in all and considering the testimony of the witnesses together with the admissions of the defendant himself, the court cannot but decide that the only reasonable conclusion to be drawn therefrom is that the defendant was guilty of the offense charged. (*Krauss v. Krauss,* 77 N. Y. Supp. 203, 73 App. Div. 509, 11 N. Y. Ann. Cas. 194; *Griffin v. Griffin,* 18 Utah, 98, 55 Pac. 84; *Thayer v. Thayer,* 101 Mass. 111, 100 Am. Dec. 110; *Taft v. Taft,* 80 Vt. 256, 130 Am. St. 984, 67 Atl. 703, 12 Ann. Cas. 959.),

SULLIVAN, J.—This action was commenced by plaintiff for the purpose of securing a divorce from the defendant and of having the title to certain property quieted in her. The divorce was sought on two grounds: First, extreme cruelty; second, adultery. The defendant appeared in the action and filed his answer denying the material allegations of the complaint, except as to the marriage and residence, and filed a cross-complaint in which he charged the plaintiff with adultery and desertion, and asked for a decree of divorce in his favor, and that the plaintiff be required to give defendant a mort- gage on her property for the sum of $700.

The action was tried by the court on the 30th day of Novem- ber, 1910, and the court found that the defendant treated the plaintiff in a cruel and inhuman manner and had con- tracted a loathsome, venereal disease, but did not find the de- fendant guilty of adultery as alleged in the complaint, and entered judgment in favor of the plaintiff, granting her a decree of divorce from the defendant and quieting the title to certain property in her. The appeal is from the judgment.

There are two errors assigned: The first to the effect that the court erred in granting plaintiff a divorce, and second, that the court erred in quieting the title to the property de- scribed in the complaint in the respondent, each of said assignments of error being based on the ground of the insuffi- ciency of the evidence to justify the decree.

The main contention of the appellant is that the evidence of the plaintiff was not sufficiently corroborated, as required by the provisions of sec. 2661, Rev. Codes. On an examina- tion of the evidence we think the corroboration is amply suffi- cient to sustain the findings made by the court and the decree entered thereon. The judgment will therefore be affirmed with costs in favor of the respondent.

Stewart, C. J., and Ailshie, J., concur.